THOMAS J. SPURGEON *et al.*, Appellants, v. WILLIAM HENNESSEY *et al.*, Respondents.

**St. Louis Court of Appeals, October 16, 1888.**

1. **Vacating a Town Addition.** The provisions of sections 5047 and 5048, Revised Statutes, do not govern an application by all the owners of lots comprising a town addition, to have the same vacated. Such an application is governed by section 5050, Revised Statutes, and it was error to dismiss the proceeding for a failure to comply with the provisions of sections 5047 and 5048 requiring a continuance and other steps for the benefit of opposing parties.

2. **Laws :** CONSTRUCTION OF STATUTE. A statute which defines the rights of "any person"—using the singular expression—will be construed as applying equally to any number of persons who together come within the descriptive terms employed.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*O. S. Callihan,* for the appellants.

The court erred in sustaining the motion to dismiss, on the ground that the county court had no jurisdiction. The petition certainly states a case for vacation, and if so,

the circuit court could not dismiss except upon a trial on the merits. R. S., sec. 5050 ; also secs. 5047, 5048. Section 5050 has no connection with sections 5047 and 5048 except as to notice, which in this case was given. In section 5047 one man may petition—hence the qualifications in section 5048. By section 5050, all of the owners are required to petition, and there is therefore no necessity for observing the requirements of section 5048. If the original owner of the addition had the right to vacate on his own petition, most certainly those who purchased from him succeeded to all such rights.

*Matlock, Hiller & Howard,* for the respondents.

At the time the petition was presented there was more than one owner of the addition, and more than one person to petition ; but petitioners cite section 3124, Revised Statutes of 1879, to prove that one means two or more ; but we cite section 3125, Revised Statutes of 1879, which qualifies said section in these words : " Unless there be something in the subject or context repugnant to such construction." And we contend that this very repugnance exists and that the legislature intended that if any person or his grantee, owning the whole of any addition to a town which he did not improve, might proceed in the manner pointed out by section 5050, to vacate same, and for what purpose ? Simply to reconvert it into farm lands, and this view will appear with more force when we consider the further language of section 5050, Revised Statutes of 1879 : "If any person shall lay off any addition to any town or city which he does not improve." Here the word "improve" is made a condition precedent to the owner petitioning for the vacation, and additions that are improved cannot be vacated. We have not examined the transcript because not accessible here, but if it contains the judgment of the county court it will show that the judgment of vacation was rendered at the same term the petition was presented, and taking sections

5050 and 5048, Revised Statutes of 1879 together, the case should have been continued until the next term before judgment could be rendered.

PEERS, J., delivered the opinion of the court.

This is a proceeding to vacate a portion of the town of Wayland, Clark county, Missouri, under article six, chapter eighty-nine, Revised Statutes, 1879. The petition, signed by the various owners of lots and blocks sought to be vacated, was presented to the county court of Clark county at its February term, 1888. At the same term of court a remonstrance, signed by a large number of citizens of Wayland, was presented to the county court, protesting against the prayer of the petitioners. The matter was heard at the same term of the county court at which the petition and remonstrance were presented, and on the same day the following order was made by the court, and entered of record :

"It is ordered by the court that all of the said addition described on the plat of town in the recorder's office of this county as Richard Hennessey's second addition to Wayland City, be and the same is hereby vacated; also all of the streets and alleys thereof except that part of Hagerman street therein lying east of Cooper street, as prayed for in said petition."

An appeal was thereupon taken to the circuit court of Clark county, where, upon motion, the proceedings were dismissed for the reasons : (1) The county court had no jurisdiction to render such judgment ; (2) the county court had no jurisdiction of the case ; (3) the county court rendered said judgment at a term not authorized by law, and is void.

In order to properly determine the questions here presented we must take the various sections of the statute bearing on the subject, and if possible construe them to the end that they may harmonize one with the other. Section 5047 provides : "Whenever any person * * * interested in any town * * * may desire to vacate any lot, street, alley, common, public

square, or part thereof, in such town, such person * * * may petition the county court, giving a description of the property to be vacated, and the names of the persons to be affected thereby, which petition shall be filed with the clerk of the court thirty days previous to the sitting thereof, and notice of the pendency of the petition shall be given for the same space of time, either in a public newspaper printed in said town or by written notices," etc., etc.

Sec. 5048. "*If no opposition* be made to such petition, the county court may vacate the same * * * but *if opposition* be made, such application shall *continue until the next term of the court*, when, if the objector *consent* to such vacation, or if two-thirds of all the real estate holders of the town or city petition therefor, the court may grant the prayer of the petition," etc., etc.

Sec. 5050. "If any person shall lay off an addition to any town or city which he does not improve, and shall be the legal owner of *all* lots contained in such addition, such person or any other person who shall *become the legal owner* thereof, shall have such addition or any part thereof vacated by applying to the county court * * * after notice as hereinbefore provided and proof of ownership of such lots," etc., etc.

It will be observed that section 5047 provides for vacating any "lot", "street", "alley", "common", or "public square", or any part of such "lot", "street", "alley", "common", or "public square." Section 5048 provides for hearing remonstrances against vacating any "lot", "square", "street", etc., giving the county court authority to vacate with such restrictions as they may deem for the public good, and provides, if objection is made, the matter shall be continued until the next term, to the end that the objectors may consent or may have ample opportunity to be heard. The same section then goes on to provide how the title to the "lot", "street", or "alley" shall vest; showing clearly the intention of the lawmakers to provide a

means by which an unused street or alley in a town might be vacated, and that it was certainly not intended to cover a proceeding like the one before us. We do not think that these sections apply to the case at bar ; for here, it is not a " street " or an " alley " that is sought to be vacated but part of an entire addition, including, perhaps, many streets, alleys and public squares. It follows, then, that this proceeding must be governed by section 5050, and must stand or fall by a fair construction of that statute. This statute was intended to meet just such a case as the one before us, and we do not see that its validity is impaired by reason of the fact that there are several owners of the addition sought to be vacated. The statute does say, "If any person shall lay off an addition   *   *   *   and shall be the legal owner of all lots," but does it follow that two or more persons may not lay off an addition to a town, and afterwards seek to have the same vacated ? Or that a number of persons who are owners of various lots may not join in the same petition for the same end and purpose ? Here these petitioners are the legal owners of the lots sought to be vacated. Shall we say to them that, forsooth, as there is more than one owner, the statute does not apply? We are not willing to place any such narrow construction upon the laws of this state. It will be observed that this section, unlike section 5048, makes no provision for a remonstrance, and for reasons which readily suggest themselves ; nor for a continuance until the next term of the court. It provides for notice and proof of ownership of the lots, giving the county court jurisdiction to hear and determine the matter. The judgment vacating the addition was made at the February term of the court, after due notice and proof of the same, and we see no good reason why the jurisdiction of the court should be questioned.

We do not mean to be understood as saying that if it should be shown, on the hearing of the case in the circuit court, that the streets sought to be vacated are improved streets, it would be error to dismiss the

petition.  The improvement is a jurisdictional fact which must appear on the hearing, but need not be set out in the petition in order to give the county court jurisdiction.  The court must hear the case and determine the question of improvement as it would any other question of fact involved in the case.

From these views it follows that the circuit court erred in dismissing the case and its judgment will be reversed and the cause remanded, with directions to the trial court to proceed with the case in accordance with the views herein expressed.  ROMBAUER, P. J., concurs; THOMPSON, J., is absent.